UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| IN RE:<br><br>RHODE ISLAND LABORER'S DISTRICT COUNCIL, by and through, TRUSTEES OF THE RHODE ISLAND LABORER'S HEALTH AND WELFARE FUND, TRUSTEES OF THE RHODE ISLAND LABORER'S PENSION FUND, TRUSTEES OF THE RHODE ISLAND LABORER'S TRAINING TRUST FUND, TRUSTEES OF THE RHODE ISLAND LABORER'S LEGAL SERVICES FUND, AND TRUSTEES OF TRUSTEES OF THE RHODE ISLAND CONSTRUCTION INDUSTRY ADVANCEMENT FUND<br><br>v.<br><br>PYTKO CONSTRUCTION CORP. | ) | C.A. No. 07-122ML |

DEFENDANT, PYTKO CONSTRUCTION CORP.'S PRETRIAL MEMORANDUM

In accordance with this Court's Pretrial Order, Defendant Pytko Construction Corp. ("Pytko") hereby submits its Pretrial Memorandum.

## I. WHAT IS EXPECTED TO BE PROVEN IN DEFENSE

Pytko intends to show the following facts at the trial of this matter. Pytko is a Rhode Island corporation with a principal place of business in North Smithfield, Rhode Island. Pytko is primarily a site work contractor that has worked on public and private

projects in Rhode Island and Massachusetts. Pytko is a party to a collective bargaining agreement with the Rhode Island Laborers District Council.

Plaintiff has filed this action against Pytko under the Employee Retirement Income Security Act ("ERISA") 29 U.S.C. § 1001 et. seq. Plaintiff filed suit on or about March 29, 2007 alleging that Pytko is liable to the plaintiff Fund for outstanding contributions that were due as of the date of the filing of the Complaint. Pytko has since paid all of the contributions that were due as of the date of the filing of the Complaint. However, Pytko has candidly acknowledged that it is liable for certain contributions that were due beginning in May 2007. Pytko recently and voluntarily provided plaintiff with remittance reports for the period identifying the contributions to be paid. Pytko acknowledges its responsibility for these contributions pursuant to the Collective Bargaining Agreement.

In the event and to the extent that the Plaintiff is seeking certain additional relief such as liquidated damages, attorney's fees and/or injunctive relief, Pytko would expect to show that Plaintiff cannot meet their burden of proving its entitlement to this additional relief.

## II. MEMORANDUM OF SUPPORTING LAW

### A. Liquidated Damages

Plaintiff is not entitled to liquidated damages unless it can show that the collective bargaining agreement or other applicable agreement specifically calls for the assessment of liquidated damages in a specific amount. Pursuant to 29 U.S.C. § 1132(g)(2)(C), a

plaintiff fund can recover the greater of: (1) interest on unpaid contributions or (2) liquidated damages up to 20% if liquidated damages are provided for under the Plan:

> (C) an amount equal to the greater of --
>
> (i) interest on unpaid contributions or
>
> (ii) liquidated damages provided for under the Plan in an amount not in excess of 20% (or such higher percentages as may be permitted under Federal or State law) of the amount determined by the Court under (A),

As set forth above, Plaintiff is not entitled to a 20% ERISA penalty unless Plaintiff proves that the Trust Agreement specifically calls for assessment of a 20% penalty. See Cooke, ERISA Practice and Procedure, § 8:52 at 8-237 (1996) ("[i]t is important to note, . . . that liquidated damages are not recoverable unless the collective bargaining agreement allows for them") and Teamsters Local 429 Health & Welfare Fund v. Chain Bike Corp., 643 F.Supp. 1337 (E.D. Pa. 1986) (Collective Bargaining Agreement did not provide for liquidated damages - "Therefore, the Fund is limited to recovering interest on the unpaid contributions as provided by 29 U.S.C. § 1132(g)(2)(c)(i)").

B. Injunctive Relief

As a general rule, "monetary loss is not the type of irreparable injury remedied by injunctive relief." Central States v. Sloan, 714 F.Supp. 943 (D. Ill. 1989). In this case, plaintiff has a substantial monetary remedy available to it. There are severe monetary penalties for employers who fail to fulfill their obligations under ERISA. In addition to

the outstanding contributions and interest, the Fund can generally recover double interest or liquidated damages, and the funds' attorney's fees and costs.

Because of this substantial monetary remedy, the majority of federal courts that have considered this issue have held that the fund cannot obtain a permanent injunction against the employer absent specific evidence that the fund's substantial legal remedy is inadequate or impractical. See Sheet Metal Workers v. West Coast Sheet Metal, 660 F.Supp. 1500, 1507 (S.D. Cal. 1987); Central States v. Sloan, 714 F.Supp. 943, 948 (N.D. Ill. 1989); Operating Engineers Central Pension Fund v. Joski Constr. Co., 441 F.Supp. 849, 851 (E.D. Wis. 1977) (delinquent contributions – plaintiff must present specific proof of irreparable harm); Washington Area Pension Fund v. Mergentime Corp., 743 F.Supp. 422, 428 (D. Md. 1990) ("[t]he past failure to submit time contributions, in this Court's opinion, is not sufficient to justify a permanent injunction in this case").

C. Attorney's Fees

ERISA provides for recovery of attorney's fees. However, those attorney's fees under the lodestar test are limited to the time spent on successful claims and do not include unsuccessful claims, such as if the plaintiff were to press an unsuccessful claim for injunctive relief. Gay Officers Action League v. Commonwealth of Puerto Rico, 247 F.3d 388 (1st Cir. 2001); Moriarty v. SVEC, 233 F.3d 955 (7th Cir. 2000); Maxwell v. Lucky Constr. Co., Inc.,, 710 F.2d 1395 (9th Cir. 1983).

## III. PROBABLE LENGTH OF TRIAL

One (1) day.

PYTKO CONSTRUCTION CORP.
By Its Attorneys,

/s/ Roger N. LeBoeuf

Roger N. LeBoeuf, Reg. #5208
HEALD & LEBOEUF, LTD.
606 Old Colony House
58 Weybosset Street
Providence, Rhode Island 02903
(401) 421-1500 (telephone)
(401) 331-5886 (facsimile)

Dated: October 18, 2007